# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF ARKANSAS

IN RE: JOSHUA DARRELL HOLMES                  3:24-10563

                 DEBTOR                          Chapter 7

MAI SNOW                   AP#                  PLAINTIFF

V.

JOSHUA DARRELL HOLMES                  DEFENDANT

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND TO DENY DISCHARGE

Comes now, the Plaintiff, Mai Snow, by and through her attorney, Forrest Stolzer, of Legal Aid of Arkansas, Inc., and for her Complaint to Determine Dischargeability and to Deny Discharge, and states and alleges as follows:

1. The Court has jurisdiction over the subject matter and parties to this action pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). The Court has the power and authority to enter a final order in this proceeding.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises in the above captioned bankruptcy case.

3. Plaintiff Mai Snow is listed as a creditor upon schedule "F" of the Defendant's petition bankruptcy petition. She is the paternal aunt of the Defendant.

4. Joshua Darrell Holmes, the Defendant here, is the Debtor in the above-captioned lead bankruptcy case.

5. In June 2022, the Defendant, Joshua Holmes, after a protracted campaign of pleading and importuning, convinced his aunt, Plaintiff Mai Snow, to sell her long-time home in Jonesboro, which she owned outright, and use the proceeds from the sale to loan to him in order that he might purchase a home.

6. The loan agreement between the parties was oral, and the agreement was for three parties to be on the deed of the newly purchased home- Joshua Holmes, his wife Tracy Holmes, and Mai Snow.

7. The Defendant told Mai Snow that in addition to her ownership interest in the home, the residence also eventually might serve as a place of refuge for her in her old age where it would be convenient for him to care for her.

8. Plaintiff and Defendant had a history of oral agreements in which she would loan him money and he would pay her back over time.

9. The Defendant eventually settled on a tract of land located at 3691 Hwy 163, Harrisburg, Arkansas.

10. On the 6th day of June 2022, Plaintiff obtained a Cashier's Check (Check #202400856) for $100,000 made out to the Defendant, Joshua Holmes, with the memo line stating, "for loan on land and trailer."

11. The Defendant purchased the land and a new mobile home which was placed upon the land in approximately August 2022, having used a portion of the loan proceeds as a down payment upon a mortgage and to pay for the costs of moving in, hooking up utilities, affixing the mobile home, etc..

12. There was a mortgage encumbering the land and mobile home, and the mortgage lender was not made aware of the $100,000 which the Defendant owed to the Plaintiff.

13. The deed to the home in Harrisburg listed the Defendant and his wife as co-owners, and the Plaintiff was not aware that contrary to the repeated assurances of the Defendant, she was not listed upon the deed.

14. Shortly after moving into the new mobile home at 3691 HWY 163 in Harrisburg, the Defendant's wife sold her home which she owned outright.

15. Lacking an obvious place to stay after the sale of her home, the Plaintiff also moved into a room in the mobile home in Harrisburg.

16. Although it was her understanding that she owned 33% of the home, Plaintiff began paying monthly rent to the Defendant after he requested the same.

17. After the Plaintiff had resided for a short time in the Defendant's newly purchased home, she was given to understand that she was not welcome upon the premises, and she was subsequently forced to find modest rented lodgings in Jonesboro.

18. As noted above, Defendant's non-filing spouse, Tracy Holmes, is listed as co-owner on the deed to the land and title to the mobile home in Harrisburg, however, according to the Defendant's testimony at his meeting of creditors, she contributed nothing towards the purchase of the property.

19. The Defendant has never made a payment upon the loan which he owes to the Plaintiff.

20. Upon April 10th, 2023, Plaintiff Mai Snow sued the Defendant and his wife in the Poinsett County Circuit Court, case number 56CV-23-70(4), seeking a judgment upon the $100,000.00 debt.

21. A trial was scheduled for February 4, 2024, and after the parties appeared in the Courtroom, Defendant Joshua Holmes agreed to the entry of an order memorializing his liability upon the subject debt, thereby avoiding a trial.

22. The Defendant filed his bankruptcy petition upon February 22, 2024.

23. In sum, the Defendant, Joshua Holmes, playing upon his familial relation with the Plaintiff, and realizing her vulnerability due to age, isolation, loneliness, and bereavement, induced her by false representations and pretenses to sell her home and loan him the proceeds thereby acquired, with no intention of ever paying her back, as is demonstrated by his course of action both before and after acquiring the loan proceeds.

24. Based upon the above, the Defendant's debt of $100,000.00 owed to the Plaintiff should be held to be non-dischargeable under 11 U.S.C. section 523(a)(2)(A), as a debt obtained by false pretenses, a false representation, or actual fraud.

25. The Defendant testified that he spent approximately $30,000.00 of the $100,000 loaned upon the down payment and move into his current home, but the balance of his personal property was listed upon his bankruptcy petition at a small monetary value, and although he has been repeatedly asked, he has to date offered no explanation or accounting of what became of the rest of the loan proceeds which he received from the Defendant.

26. Therefore, this court should also deny the Defendant's "overall" discharge under 11 U.S.C. section 727(a)(5), for a failure to satisfactorily explain any loss or deficiency of assets.

27. Further, because the Defendant's spouse, Tracy Holmes, contributed nothing towards the purchase of the home at 3691 HWY 163, Harrisburg, Arkansas, his transfer of a 50%

ownership interest in the home to her constitutes an avoidable transfer under 11 U.S.C. section 548(a)(1)(B).

WHEREFORE, the Plaintiff prays that this Court enter an order holding the debt owed by the Defendant to the Plaintiff non-dischargeable, denying his discharge in bankruptcy, requiring him to return the interest in his home transferred to his spouse to the estate for the benefit of his creditors, and requiring him to pay the reasonable fees and costs incurred by the Plaintiff in prosecuting this action.

Respectfully Submitted,

Mai Snow

BY: _____/s Forrest Stolzer_____

Forrest Stolzer, 2006-020

Legal Aid of Arkansas

870-972-9224, ext. 4309

fstolzer@legalaid.org